Thomas Allen GORDON,
Plaintiff–Appellant,

v.

D. VAN OGLE; et al., Defendants–
Appellees.

No. 05–35136.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Thomas Allen Gordon, Portland, OR, pro se.

Peter Berney, Attorney General's Office Criminal Justice Division, Olympia, WA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Washington state prisoner Thomas Allen Gordon appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and we vacate and remand in light of intervening authority.

The district court dismissed the entire action after concluding Gordon failed to exhaust some claims before filing. We vacate the order and remand for reconsid-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eration in light of *Jones v. Bock,* —— U.S. ——, 127 S.Ct. 910, 923–26, 166 L.Ed.2d 798 (2007) (holding an inmate's compliance with PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of entire action, and "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances"). On remand, the court may also consider *Woodford v. Ngo,* —— U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) in determining whether specific claims were exhausted.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**